**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTA GIL-RABADO, AKA Martha Olivia Gil, AKA Marta Gonzales,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 12-71770<br><br>Agency No. A200-246-293<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2015[**]

Before: GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Marta Gil-Rabado, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Gil-Rabado does not challenge the agency's determination that she did not establish past persecution in Mexico. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). Even if Gil-Rabado qualified for an exception for the untimely filing of her asylum application, substantial evidence supports the agency's determination that Gil-Rabado failed to establish that her fear of future harm was objectively reasonable. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to "present compelling, objective evidence demonstrating a well-founded fear of persecution"). We reject Gil-Rabado's contention that the IJ applied an erroneous legal standard in concluding that her fear of persecution was not objectively reasonable. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) (disagreement with result did not mean that agency applied wrong legal standard). Thus, Gil-Rabado's asylum claim fails.

Because Gil-Rabado has not established eligibility for asylum, she necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

12-71770

Finally, substantial evidence also supports the IJ's denial of CAT relief because Gil-Rabado failed to establish it is more likely than not that she would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**